**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10011

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*versus*

MARCUS RYAN TELFAIR,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cr-00028-LAG-TQL-1

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER,
Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether the district court
erred when it refused to apply a sentencing guideline for federal

kidnapping as analogous for conduct that amounted to state kidnapping. *See* United States Sentencing Guidelines Manual §§ 2K2.1(c)(1)(A), 2X1.1(a), 2X5.1 (Nov. 2023). Marcus Telfair pleaded guilty to possessing a firearm as a felon after he dragged a woman out of a residence and hit her with a gun. *See* 18 U.S.C. § 922(g)(1). The government asked the district court to use the cross reference in section 2K2.1(c) of the Sentencing Guidelines to apply the base offense level for federal kidnapping. But the district court ruled that Telfair's conduct did not meet the elements of federal kidnapping and that there was no analogous guideline for state kidnapping. Because the federal kidnapping guideline is the most analogous guideline for state kidnapping, we vacate Telfair's sentence and remand for resentencing.

## I. BACKGROUND

A grand jury indicted Marcus Telfair for possession of a firearm by a convicted felon. *See id.* The indictment stemmed from an incident during which he dragged a woman out of a residence and down the street while hitting her with a gun. Telfair pleaded guilty.

Section 2K2.1 of the Sentencing Guidelines governs sentences for the possession of a firearm by a convicted felon. When the defendant used or possessed the firearm "in connection with the commission . . . of another offense," district courts use the "resulting offense level" from the guideline for the other offense if that level is higher than the level produced by section 2K2.1 alone. U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1(a). If no guideline corresponds to

the other offense, section 2X5.1 instructs district courts to "apply the most analogous offense guideline." *Id.* § 2X5.1.

The presentence investigation report first calculated an offense level of 30 under section 2K2.1. Because Telfair used the firearm "in connection with another offense"—kidnapping under state law—the report then calculated the offense level using the cross reference to the most analogous offense, federal kidnapping. *See id.* § 2K2.1(c)(1)(A). It determined that the base offense level under section 2A4.1, the guideline for federal kidnapping, was 32. *See id.* § 2A4.1(a). It then applied a two-level specific offense characteristic increase because Telfair used a dangerous weapon. *See id.* § 2A4.1(b)(3). It used the resulting adjusted offense level of 34 because it was higher than the level calculated using section 2K2.1 alone. The report then decreased the offense level by three levels because Telfair accepted responsibility and timely pleaded guilty. *See id.* § 3E1.1. Based on the total offense level of 31 and a criminal history category of VI, it calculated a guideline range of 188 to 235 months of imprisonment. But because the statutory maximum for the offense was 15 years, the report set the guideline range at 180 months. *See id.* § 5G1.1(a).

Telfair objected to the presentence investigation report. He argued that the cross reference did not apply because the phrase "another offense" unambiguously "means another *federal* offense." And he argued that his conduct did not constitute federal kidnapping.

The district court found that Telfair "did, in fact, assault the victim in the house, drag her out of the house by her hair, [and] drag her at least two houses down the street." But it sustained his objection to employing the cross reference because "there is no analogous federal offense" to kidnapping under Georgia law. It explained that "the elements of [s]tate kidnapping do not align with the elements of federal kidnapping" and "when we get down to the bottom of it, I can't say that I would apply the offense for federal kidnapping in this case because there is no interstate element." After ruling on Telfair's other objections, the district court calculated a guideline range of 130 to 162 months of imprisonment. It sentenced Telfair to 130 months of imprisonment and three years of supervised release. The government appealed.

## II. STANDARDS OF REVIEW

We review *de novo* the interpretation and application of the Sentencing Guidelines and review related factual findings for clear error. *United States v. Jayyousi*, 657 F.3d 1085, 1114 (11th Cir. 2011).

## III. DISCUSSION

Plainly, the cross reference in section 2K2.1(c)(1)(A) can apply to state offenses. Nothing in the text of section 2K2.1(c)(1)(A) suggests that "another offense" refers only to another *federal* offense. "Another" means "[a]dditional," "[d]istinct," or "different." *Another*, BLACK'S LAW DICTIONARY (6th ed. 1990). "Offense" means "an infraction of law." *Offense*, WEBSTER'S THIRD NEW INT'L DICTIONARY 1566 (1993); *see also Offense*, BLACK'S LAW DICTIONARY, *supra* ("A felony or misdemeanor; a breach of the criminal laws;

violation of law for which penalty is prescribed."). So "another of-fense" means any infraction of law in addition to the offense of con-viction, regardless of whether that offense is state or federal. And though "we have no need to consider . . . the commentary" be-cause "the text of" section 2K2.1(c)(1)(A) is unambiguous, *see United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023) (en banc), the commentary confirms that "another offense" is "any fed-eral, state, or local offense," U.S.S.G. § 2K2.1 cmt. n.13(C).

The district court did not make a specific finding that Telfair committed kidnapping or attempted kidnapping under Georgia law. But it found that Telfair "drag[ged] [the victim] out of the house by her hair [and] drag[ged] her at least two houses down the street." Those acts could amount to "abduct[ing] . . . another per-son without lawful authority or warrant and hold[ing] such other person against . . . her will." GA. CODE ANN. § 16-5-40(a).

Because there is no federal guideline for the offense of state kidnapping, we "apply the most analogous offense guideline" un-less no guideline is "sufficiently analogous." U.S.S.G. § 2X5.1. "[T]he most analogous offense guideline is determined by analogy of criminal behavior." *United States v. Saac*, 632 F.3d 1203, 1213 (11th Cir. 2011) (citation modified) (quoting *United States v. Hyde*, 977 F.2d 1436, 1439 (11th Cir. 1992)). To identify the most analo-gous offense guideline, we consider whether the offenses target the same *actus reus*. *See id.* at 1213.

The federal kidnapping guideline is "most analogous" to kid-napping under Georgia law. U.S.S.G. § 2X5.1. A person commits

federal kidnapping if he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" and that act has an interstate nexus. 18 U.S.C. § 1201(a)(1). A person commits kidnapping under Georgia law if he "abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." GA. CODE ANN. § 16-5-40(a). Both offenses target the same act—unlawfully abducting another person.

Telfair argues that "the district court properly found that the cross-reference to federal kidnapping . . . was not the most analogous guideline" because "the key elements [of state and federal kidnapping] do not match." But that federal kidnapping requires an interstate nexus does not disqualify it as "the *most analogous* offense." *See* U.S.S.G. § 2X5.1 (emphasis added). Nor does the interstate element render the guideline "[in]sufficiently analogous." *Id.* Section 2X5.1 would do almost no work if the analogous state offense must have identical elements as the federal offense for the cross reference to apply. The interstate nexus element does not change the *actus reus* of the federal kidnapping offense but serves only as a jurisdictional hook.

## IV. CONCLUSION

We **VACATE** Telfair's sentence and **REMAND** for resentencing.